UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEANNA E. MYERS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-228

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply memorandum (doc. 9), the administrative record (doc. 5),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of June 1, 2010. PageID 231-38. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, obesity, bilateral knee osteoarthritis, degenerative disc disease of the cervical and lumbar spine, and anxiety. PageID 42.

After initial denial of her applications, Plaintiff received a hearing before ALJ Emily Statum on August 14, 2014. PageID 59-87. The ALJ issued a written decision on December 10, 2014 finding Plaintiff not disabled. PageID 40-52. Specifically, the ALJ found that, based upon Plaintiff's residual functional capacity ("RFC") to perform sedentary work[4] with additional limitations, "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 40-52.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 42-50), Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 8), and Plaintiff's reply (doc. 9). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

# II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing medical source opinions. Specifically, Plaintiff challenges the ALJ's analysis of opinion evidence from Plaintiff's treating family physician, Stephen Knudson, M.D.; examining psychologist, Giovanni M. Bonds, Ph.D.; record-reviewing physician, Leanne M. Bertaini, M.D.; record-reviewing psychologist, Karla Voyten, Ph.D.; record-reviewing physician, Steve E. McKee, M.D.; and record-reviewing psychologist, Bruce Goldsmith, Ph.D.

4

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Knudson treated Plaintiff in 2012 and 2013. *See* PageID 484-523. In November 2012, Dr. Knudson offered an opinion regarding Plaintiff's physical limitations. PageID 614. Specifically, Dr. Knudson opined that Plaintiff could stand and walk up to 2 hours per workday for 30 minutes at a time; sit for 4 hours per workday for 1 hour at a time; and could not lift, carry, push or pull anything because she ambulated with crutches. *Id*. Dr. Knudson also concluded that Plaintiff was markedly limited[6] in her ability to push and pull, and was moderately limited in her ability to bend, reach, and perform repetitive foot movements. *Id*.

In September 2013, Dr. Knudson offered another opinion regarding Plaintiff's physical limitations. *See* PageID 611-16. He then found that Plaintiff could stand and walk for 2 hours per workday for 30 minutes without interruption; sit 6 hours per workday for 1 hour without interruption; lift 5 pounds frequently and 10 pounds occasionally; was markedly limited in her ability to bend and perform repetitive foot movements; and moderately limited in her ability to push and pull. PageID 611. The ALJ gave Dr. Knudson's 2012 and 2013 conclusions about Plaintiff's physical limitations little weight. PageID 50.

---

[6] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir.2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C), *et seq*.

With regard Plaintiff's mental limitations, Dr. Knudson concluded in September 2013 that Plaintiff was markedly limited in her ability to perform activities within a schedule; maintain regular attendance; be punctual; complete a normal workday without interruption from mental impairments; perform at a consistent pace without unreasonable number and length of breaks; respond appropriately to changes in the workplace; and travel to unfamiliar places or use public transportation. PageID 615. Dr. Knudson also opined that Plaintiff was moderately limited in a number of other areas of mental functioning. *Id*. The ALJ found that Dr. Knudson's opinion concerning Plaintiff's mental limitations was entitled to little weight because he "is not a psychiatrist" and observations from Plaintiff's "recent psychiatrist show the claimant is not as limited as Dr. Knudson opined." PageID 50.

The undersigned finds error in the ALJ's assessment of Dr. Knudson's opinion concerning mental limitations. Initially, the Court notes that the ALJ failed to mention the concept of "controlling weight" when analyzing such opinion, and further failed to specifically decline to give it controlling weight. *Id*.; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). Because of the ALJ's failure in this regard, the Court cannot determine whether she undertook the "two-step inquiry" required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). Such failure amounts to reversible error. See *Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Insofar as the ALJ found that "the clinical observations of the [Plaintiff's] recent psychiatrist show [Plaintiff] is not as limited as Dr. Knudson opined[,]" the undersigned notes that, in support of such conclusory assessment, the ALJ presents no meaningful explanation in

7

such regard. *See* PageID 50. Further, such conclusory statement "does not explain to which aspect of the controlling-weight test this critique is relevant." *Gayheart*, 710 F.3d at 377. In addition, such conclusory statement is ambiguous, in that one cannot determine if the ALJ meant there were no clinical observations noted in the psychiatrist's records at all, or whether the clinical observations noted were not sufficient to "support the content of the opinions." *See Gayheart*, 710 F.3d at 377.

The Court's review of the records cited by the ALJ reveals clinical observations of Plaintiff's depressed mood and tearfulness. *See* PageID 941-84. Specifically, Plaintiff began treatment at South Community Behavior Health in April 2014. PageID 984. On May 8, 2014, records show that Plaintiff's mood, affect, thought process, orientation, behavior and functioning were all notable, and that Plaintiff displayed a depressed and flat mood and affect with avoidant behavior and functioning. PageID 981. Records from May 14, May 22, June 5, June 19, July 3, and July 17 all note no significant changes with regard to such clinical observations -- meaning that Plaintiff continued to appear depressed with flat affect and avoidant behavior. PageID 966, 971, 973, 975, 977, 979.

With regard to the ALJ's rejection of Dr. Knudson's opinion on the basis that he is not a psychiatrist, the Court notes that such critique is not relevant at the controlling weight stage of the treating physician analysis and, instead, is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. § 404.1527(c)(5). In addition, "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A family physician such as Dr. Knudson is authorized to opine regarding Plaintiff's mental status. *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of*

8

*Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016).

Based upon the foregoing, the undersigned concludes that the ALJ erred by failing to properly conduct a treating physician analysis with regard to Dr. Knudson's mental health opinion. *See Wilson*, 378 F.3d at 544 (stating that, "[a]lthough substantial evidence otherwise supports [a] decision of the Commissioner[,]" reversal may, nevertheless, be warranted if an ALJ fails "to follow its own procedural regulation, and the regulation was intended to protect applicants"). Finding error in this regard, the Court makes no finding regarding the ALJ's assessment of Dr. Knudson's opinion concerning Plaintiff's physical limitations. Instead, the ALJ should be directed to reassess Dr. Knudson's opinion concerning Plaintiff's physical limitations anew on remand.

The undersigned further finds error in the ALJ's analysis of medical opinions from record reviewers Bertaini, Voyten, McKee, and Goldsmith. Here, in giving the record reviewers' opinions "considerable weight," the ALJ stated that their opinions "are generally well supported with specific references to medical evidence." PageID 50. The record reviewers' opinions are part of the initial disability determination explanations, and while these explanations set forth summaries of the evidence reviewed in making the initial determination (PageID 93-94, 110-11, 129-31, 149-51), contrary to the ALJ's conclusion, none of the record reviewers reference any evidence in support of any specific limitation upon which they opine. PageID 97-100, 114-17; 100-02, 117-19; 134-37, 154-57; 137-39, 157-59. Thus, the reason set forth by the ALJ in giving the record reviewers' opinions "considerable weight" is not supported by substantial evidence, and should be reversed.

# IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). Here, the undersigned finds that evidence of disability is not overwhelming and that a remand for further proceedings is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  July 5, 2017  　　　　　　　　　　　　s/ Michael J. Newman  
　　　　　　　　　　　　　　　　　　　　　Michael J. Newman  
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).